# UNITED STATES DISTRICT COURT
## for the
## Southern District of Indiana
## Indianapolis Division

| | |
|---|---|
| ELIZABETH CHITWOOD, ) | Case No.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ASCENSION HEALTH ALLIANCE d/b/a ) | |
| ASCENSION; and ASCENSION ) | |
| HEALTH MINISTRY SERVICE ) | |
| CENTER, LLC, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Plaintiff, Elizabeth Chitwood ("Beth"), for her Complaint for Employment Discrimination against Defendants, Ascension Health Alliance d/b/a Ascension and Ascension Health Ministry Service Center, LLC (collectively, "Ascension"), states as follows:

1. Beth is an individual domiciled in Marion County, Indiana.

2. Ascension Health Alliance d/b/a Ascension is a foreign non-profit corporation with its principal place of business at 4600 Edmundson Road, Saint Louis, Missouri, 63134.

3. Ascension Health Ministry Service Center, LLC is a domestic limited liability company with its principal place of business at 4040 Vincennes Circle, Indianapolis, IN 46268.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants pursuant to FRCP 4(k)(1) because both are subject to the general jurisdiction of the state courts of Indiana: Ascension Health

Alliance d/b/a Ascension does business in Indiana within the meaning of Ind. T. R. 4.4, and Ascension Health Ministry Service Center, LLC has its principal place of business within Indiana.

6. This claim is based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.,* for discrimination on the basis of religion, and on the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*

7. The discrimination complained of occurred on, or about, November 15, 2021, when Ascension wrongfully terminated Beth for exercising her constitutionally protected religious beliefs and/or in retaliation for Beth exercising her right to FMLA leave.

8. Beth duly filed her Charge of Discrimination against Ascension Health Ministry Service Center, LLC[1] with the Equal Employment Opportunity Commission ("EEOC") on May 13, 2022, which Charge resulted in service of the Determination of Charge and Notice of Right to Sue on January 3, 2023 ("Notice"). A copy of the Notice is attached hereto as Exhibit A.

9. The present complaint is filed within ninety (90) days of Beth receiving the Notice.

10. Beth began employment with Ascension in September, 2019, as a temporary employee.

11. Ascension extended the temporary assignment through to January, 2020, and, ultimately hired Beth as a full-time human resources specialist in April, 2020.

12. Upon the vaccines for the COVID-19 virus becoming available to the public, Ascension mandated all of its employees be vaccinated against the virus subject only to certain exemptions including religious exemptions. Ascension required its employees to comply with the mandate no later than November 12, 2021.

---

[1] Beth identified Ascension Health Ministry Service Center, LLC as her employer in the EEOC Charge of Discrimination. Ascension asserted in its response to the EEOC, however, that the proper defendant is Ascension Health Alliance d/b/a Ascension. To ensure she has named the proper defendant in this action, Beth has sued both entities.

13. Beth submitted her request for a religious exemption to the vaccine mandate on October 5, 2021, which request was granted on October 11, 2021.

14. Prior to requesting the religious exemption for the vaccine mandate, Beth had requested leave pursuant to the FMLA in order to care for her minor child who was ill and required constant supervision.

15. Beth's FMLA request for leave was submitted on August 27, 2021, but was not approved until October 7, 2021, two days after Beth had requested her religious exemption.

16. On November 15, 2021, three days after its deadline for compliance with the vaccine mandate, Ascension terminated Beth's employment. A copy of the termination notice is attached hereto as Exhibit B.

17. Ascension falsely stated that the reason for termination was that Beth had exhausted her family medical leave and had failed to return to work. At the time of the termination, however, Beth was still entitled to thirty two (32) hours of leave.

18. Ascension's stated reason for terminating Beth's employment was a pretext. Ascension's actual reason for terminating Beth was in retaliation against her seeking and being granted a religious exemption to Ascension's COVID-19 vaccine mandate. Ascension knew that it could not deny Beth's exemption request because the request was based on her sincerely held religious beliefs. So, Ascension granted Beth's exemption request and then turned around and fired her for a pretextual reason so that it could cover up the fact that it was firing her for exercising her religious beliefs and/or in retaliation for Beth exercising her right to FMLA leave.

19. As a result of Ascension's wrongful termination, Beth has been damaged.

**COUNT I – Religious Discrimination**

20. Beth incorporates and realleges each of the foregoing allegations as though fully set forth here.

21. Beth has a bona fide religious belief that conflicted with Ascension's vaccine mandate.

22. Beth informed Ascension of the religious belief and duly requested an exemption consistent with Ascension's policies.

23. Ascension granted Beth's exemption request because it had to. Ascension knew that Beth's request was based on her sincerely held religious beliefs.

24. Thereafter, Ascension fired Beth in retaliation for her seeking and obtaining the exemption and/or for not submitting to Ascension's vaccine requirement.

25. Ascension thus discriminated against Beth because she exercised her sincerely held religious beliefs.

26. Beth has been damaged by Ascension's religious discrimination against her.

**COUNT II – Family and Medical Leave Act Retaliation**

27. Beth incorporates and realleges each of the foregoing allegations as though fully set forth here.

28. Beth's request for leave is protected under the FMLA.

29. Beth suffered a materially adverse action in being terminated by Ascension while still entitled to additional leave.

30. Beth's exercising her right to leave under the FMLA is the cause of Ascension terminating her employment.

### COUNT III – Family and Medical Leave Act Interference

31. Beth incorporates and realleges each of the foregoing allegations as though fully set forth here.

32. Beth is an eligible employee within the meaning of the FMLA.

33. Beth is an eligible employer within the meaning of the FMLA.

34. Beth was entitled to take leave pursuant to the FMLA and Ascension approved her request for leave.

35. Ascension interfered with Beth's right to take leave by terminating her employment while on leave.

36. Ascension's interference has prejudiced Beth.

**WHEREFORE**, Beth respectfully requests judgement in her favor, and against Defendant, together with an award of damages, punitive damages, the costs and attorneys' fees incurred in this action, and all other relief as is just and proper.

Respectfully submitted,

**SMID LAW, LLC**

/s/ *Michael J. Bruzzese*
Michael J. Bruzzese   (33756-49)
Edward M. Smid        (30134-49)
12115 Visionary Way, Suite 174
Fishers, IN 46038
Dir: (773) 350-9828
Email: mbruzzese@smidlaw.com
           esmid@smidlaw.com